# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 14-1012** (Wayne County 14-F-102 & 14-F-103)

**James Darrell Robertson,**
**Defendant Below, Petitioner**

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James Darrell Robertson, by counsel Alison R. Gerlach, appeals the Circuit Court of Wayne County's October 3, 2014, order sentencing him to prison for one count of conspiracy to commit delivery of a controlled substance and one count of delivery of a controlled substance. The State, by counsel Julie Marie Blake, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in admitting evidence in violation of Rule 404(b) of the West Virginia Rules of Evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, the grand jury of Wayne County indicted petitioner in two separate indictments for two separate drug transactions, both occurring on March 18, 2014. In its first indictment (Wayne County case numbers 14-F-102 and 14-F-103), the grand jury indicted petitioner and a co-defendant on one count of conspiracy to commit delivery of a controlled substance and one count of delivery of a controlled substance for events occurring at approximately 4:13 p.m. on March 18, 2014 ("first indictment"). In its second indictment (Wayne County case number 14-F-104), the grand jury indicted petitioner on one count of delivery of a controlled substance for events occurring at approximately 1:59 p.m. on March 18, 2014 ("second indictment").

In anticipation of trial on the first indictment, petitioner filed a motion for the State to produce any evidence it intended to introduce, pursuant to Rule 404 of the West Virginia Rules of Evidence. In response, the State filed a motion to offer 404(b) evidence, namely petitioner's earlier drug transaction at issue in the second indictment occurring at approximately 1:59 p.m. on March 18, 2014.

1

Petitioner's two-day jury trial on the first indictment commenced in August of 2014. At the outset, the circuit court noted that it would hold the State's motion to offer 404(b) evidence in abeyance. In its case-in-chief, the State presented the testimony of two police officers and a confidential informant ("C.I."). The officers testified that they facilitated a controlled drug buy from petitioner at his home on March 18, 2014. The C.I. testified that he provided buy money to petitioner for the stated purpose of securing Oxycodone. The C.I. explained that the two then traveled from petitioner's home to another location to retrieve that Oxycodone, and, when they arrived at their destination, petitioner "got the pill" from two people and handed it to the C.I. The State rested. Testifying on his own behalf, petitioner denied the charges against him. He claimed that the C.I. had asked him for Oxycodone, but that he refused and never received any money from the C.I. However, petitioner admitted that he had previously been addicted to prescription medication and had previously purchased them off the "street." Importantly, he denied any recent drug use or sales, specifically stating that he "didn't mess with them [drugs] anymore[.]"

Following petitioner's case-in-chief, the State renewed its motion to introduce 404(b) evidence of the earlier drug transaction for the purpose of proving petitioner's intent to deliver controlled substances. The circuit court proceeded with an in camera hearing, pursuant to *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994). During the McGinnis hearing, the two officers and the C.I. testified to a similar drug transaction between the C.I. and petitioner occurring earlier that same day, as set forth in the second indictment. Based on the testimony presented, the circuit court found, by a preponderance of the evidence, that the earlier drug transaction occurred and could be introduced to demonstrate petitioner's intent, pursuant to Rule 404(b). The circuit court also found that the probative value of the evidence outweighed its prejudicial effect under Rule 403. The circuit court gave the jury two limiting instructions—the first, at the time the State introduced the evidence, and the second, within its general jury charge. Ultimately, the jury convicted petitioner on both counts of the first indictment. The circuit court sentenced him to an indeterminate term of not less than one nor more than five years in prison for conspiracy to deliver a controlled substance and an indeterminate term of not less than one nor more than fifteen years in prison for delivery of a controlled substance. It is from this sentencing order that petitioner now appeals.

The standard of review of a circuit court's decision regarding the admissibility of Rule 404(b) evidence has been stated as follows:

> The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*State v. LaRock*, 196 W.Va. 294, 310–11, 470 S.E.2d 613, 629–30 (1996). We have also explained that "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, [643,] 301 S.E.2d 596, 599 (1983)." Syl. Pt. 1, *State v. Kaufman*, 227

W.Va. 537, 711 S.E.2d 607 (2011) (internal citations omitted). With those standards in mind, we turn to petitioner's assignment of error.

On appeal, petitioner asserts that the circuit court erred in admitting "other act" evidence, pursuant to Rule 404(b), of the earlier drug transaction occurring at approximately 1:59 p.m. on the day in question. Specifically, petitioner claims the circuit court could not have found that the testimony of the officers and the C.I. met the standard of preponderance of the evidence that the earlier drug transaction occurred. Based on our thorough review of the record on appeal, we find that the circuit court did not err in admitting the evidence of which petitioner complains, nor do we find that petitioner was unfairly prejudiced by the evidence.

We have long held that

> [w]here an offer of evidence is made under Rule 404(b) of the West Virginia Rules of Evidence, the trial court, pursuant to Rule 104(a) of the West Virginia Rules of Evidence, is to determine its admissibility. Before admitting the evidence, the trial court should conduct an *in camera* hearing as stated in *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986). After hearing the evidence and arguments of counsel, the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. If the trial court does not find by a preponderance of the evidence that the acts or conduct was committed or that the defendant was the actor, the evidence should be excluded under Rule 404(b). If a sufficient showing has been made, the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted. A limiting instruction should be given at the time the evidence is offered, and we recommend that it be repeated in the trial court's general charge to the jury at the conclusion of the evidence.

Syl. Pt. 2, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994).

In this matter, the record clearly indicates that the circuit court held a proper in camera hearing to determine whether "by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts." *Id*. The C.I. testified under oath and subject to cross-examination that he provided petitioner with money earlier on the day in question and thereafter traveled with petitioner to another location where petitioner provided him with a controlled substance. Despite petitioner's argument that the C.I.'s testimony could not be believed due to inconsistent statements related to his recent drug and/or alcohol use, we cannot find, based on the record before us, that the C.I.'s testimony was inherently incredible. Further, we may not decide the credibility of witnesses from the record on appeal. *See State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995) (stating that "[a]n appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Although petitioner is correct that the officers did not witness this

transaction and could not corroborate that portion of the C.I.'s testimony, petitioner ignores the remaining corroboration of the C.I.'s account provided by the officers. The officers confirmed the C.I.'s testimony regarding his movements in and around petitioner's home both before and after the transaction. Therefore, the circuit court had sufficient specific testimony from the C.I. with adequate corroboration by the two officers that it could find, by a preponderance of the evidence, that the first transaction occurred. Moreover, the circuit court properly followed the remaining measures set forth in *McGinnis* for the proper admission of Rule 404(b) evidence, including two limiting instructions to the jury explaining the limited purpose of this evidence. Therefore, the circuit court did not err in admitting this evidence pursuant to Rule 404(b). [1]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1]As we determine that petitioner failed to establish error as to the admission of this evidence, we do not address his argument that the error fails a harmless-error analysis.

4